## Henry Culp v. The State.

### No. 350. Decided January 26, 1910.

**1.—Aggravated Assault—Self-Defense—Continuing Danger—Charge of Court.**

Where upon trial for aggravated assault the evidence showed that the prosecuting witness was the aggressor and made at the defendant with his knife, when defendant cut him with a knife, whereupon the prosecutor retreated putting his hand on his hip pocket, saying that he would shoot defendant, and defendant followed him to keep close to him and thus keep him from shooting him, the court erred in not charging the jury as requested that he (defendant) had the right to continue in self-defense as long as the danger appeared to him.

**2.—Same—Charge of Court—Provoking Difficulty—Self-Defense.**

Where upon trial for aggravated assault the evidence showed that the prosecutor was the aggressor, and that defendant cut him with a knife in self-defense, the court erred in limiting defendant's right of self-defense by charging on provoking a difficulty.

Appeal from the County Court of Comanche. Tried below before the Hon. J. M. Rieger.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Geo. E. Smith,* for appellant.—On question of provoking the difficulty: Bow v. State, 34 Texas Crim. Rep., 481; 31 S. W. Rep., 170; McCandless v. State, 57 S. W. Rep., 672.

On question of continuing danger and self-defense: Woodring v. State, 33 Texas Crim. Rep., 26; 24 S. W. Rep., 293; Boddy v. State, 14 Texas

Crim. App., 528; Hunnicutt v. State, 20 Texas Crim. App., 632; Waldon v. State, 34 Texas Crim. Rep., 92; 29 S. W. Rep., 273.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with aggravated assault upon one Murl Alsup by cutting him with a knife inflicting thereby serious bodily injury. The jury found him guilty of simple assault and battery, assessing his punishment at a fine of $25.

Murl Alsup, the alleged assaulted party, testified that on Sunday, the 13th of December, 1908, he saw appellant, and spoke to him, and asked him why he did not turn him in, as he was drunk; that appellant replied, that he was no officer, that he had not been sworn in. Alsup had a bolt in his hand at the time and punched appellant in the stomach with it two or three times. Alsup said this was done in a good humored way, and in fact he was not drunk, but had had two or three drinks. The parties separated. The second time the witness met appellant it was in front of Butler's barbershop. Witness was sitting on the edge of the sidewalk whittling on a piece of pine when appellant came from around the barbershop. Witness had been talking to some parties who were with him about what he had said to appellant in regard to him, witness, having been at a certain house one night. He says: "I had just told the boys who were sitting on the sidewalk with me, that is, Jokie Burks and George C. Jones, that I had called Henry Culp a son-of-a-bitch there in town on a previous occasion and that he took it. About this time Culp walked up and I thought that he had probably heard what I had stated, so I, after having shut up my knife and put it in my pocket, got up and walked up to Culp and said: 'Henry, you know I cursed you for a son-of-a-bitch, if you said I was out at that house that night didn't I?' And Culp said that it was not him." Witness further testified: "I took Culp by the lapel of the coat when I first walked up to him, but I never attempted to strike him at all; at this juncture Jim Alsup came up; Culp stooped down and got a piece of an old buggy and hit me with it across the arm." Jim Alsup interfered at this point, and took hold of the witness. Appellant stepped back, jerked his knife, and as the witness jerked away from his brother, appellant came within reach and cut him in the back just over the right kidney, and cut at him the second time as witness was going away; that attempt to cut him made a hole in his coat, but did not touch his person. This witness denied having his knife in his hand during the difficulty, and stated he made no effort to strike appellant, but took hold of the lapel of his coat. The witness Ward testified that he was standing away some distance when he saw Murl Alsup approach defendant; he says when he and Jim Alsup got to where they were Jim Alsup got between Murl Alsup and appellant, and pushed Murl Alsup back. That appellant stooped down and picked up a piece of a buggy spoke and struck Murl Alsup with it; that Culp then threw down the stick, and jerked out his

knife and cut Murl Alsup with it, and struck at him again, and followed him twelve or fifteen feet as Murl Alsup went away. Jim Alsup testified that when his brother approached appellant in front of Butler's barbershop, Ward and himself were standing a little distance away, and went to where they were; that Murl took hold of the lapel of appellant's coat with his left hand, but he did not see him make any attempt to strike appellant; did not see a knife in Murl Alsup's hand; that he caught his brother and pushed him back, and got between the parties. He describes the remainder of the trouble about as did Ward. The attending physician described the wound as being about three quarters of an inch deep and three or four inches in length. He stated it might have become a serious wound had infection occurred. Jokie Burks testified he was sitting on the edge of the sidewalk, in company with two or three other parties, when Murl Alsup came up and engaged in a conversation with Jones and himself. He says: "Murl Alsup told me and Mr. G. C. Jones that he had tried to get Henry Culp to turn him in for being drunk, and that Culp stated that he was no officer, and that he had called the defendant Culp a son-of-a-bitch sometime before that and Culp would not resent it, and that he had something else to tell Culp, when about this time Culp came up. I did not notice where he came from. Murl had been whittling on something while he was sitting on the porch, but I did not see the knife after he got up off of the porch. Culp said something to Jones, who was sitting to my left, next to the east gallery, and when Culp stopped, Murl Alsup got up from the porch and approached Culp, and said to him, 'I have been telling these boys about the time I cursed you for a son-of-a-bitch.' Henry says, 'Murl, do you want trouble out of this, I have treated you nice, and you had better go on and leave me alone.' He (Murl) did not call Henry (appellant) a son-of-a-bitch but told him he had called him a son-of-a-bitch at a prior time; that is, if he said that he was at a certain house. Culp said that he guessed that it was not him; and that he must be mistaken, and that he did not remember of him ever calling him that. I did not see a knife in Murl's hand while he was approaching Culp, for I was not in a position to have seen one if Murl had one in his right. Murl made some kind of gesture at Culp, but I won't be sure, because I was not in a position to see his right hand. Jim Alsup came up and interfered, and Henry Culp stooped down, got an old buggy spike and stepped back to Murl and struck Murl with the stick." The witness says they separated and appellant stepped back and pulled his knife out and said, "God damn you, I have been run over as long as I am going to," and that as Murl jerked loose from Jim Alsup, appellant cut him across the back, and Murl went around the barbershop to the west, appellant following him until he got about half way around. Jones testified as to the position of the parties on the sidewalk at the time appellant approached. Murl Alsup had stated that about the time appellant approached him that he had called appellant a son-of-a-bitch, and that appellant had not resented it. Appel-

lant asked the witness Jones if he had sold the mule, it seems they had had some discussion about a mule trade. Witness told him that he had, and appellant said, "Well, I am too late," and witness said, "Yes, you have waited a little too long." Witness says he and defendant had been on a trade and appellant wanted to borrow the mule to haul some wood if he had not sold it. He describes the difficulty about as did the other witnesses, and in regard to the beginning of the difficulty, he stated that Alsup, the alleged assaulted party, got up off the porch, and went to where appellant was, stopping right in front of him. As he did so he remarked, "I have just been telling these men that I called you a son-of-a-bitch and that you took it." He then caught appellant by the lapel of the coat, and this witness says it was his best impression that Murl had his right hand drawn back, and from his position he could not see whether he had anything in his right hand or not, because his right hand and side were opposite from where he was. That Jim Alsup came up and got hold of Murl, and tried to separate the parties. Hill testified in regard to the first meeting between the parties, that they were standing in front of Dr. Daniel's store, and Murl Alsup called for the defendant to come to him, and that he and appellant walked over to where Murl Alsup was, or near where he was; that appellant and Murl Alsup were talking while the witness was talking to other parties. Witness said he was not paying sufficient attention to understand what they were talking about, but he saw Murl Alsup punching appellant in the stomach with something, and heard him say, "God damn you, why don't you turn me in for being drunk," and appellant replied, "You are all right, Murl," and just then Lewis Wells spoke up and said, "No, Murl, Henry is not an officer." That appellant turned and walked away, and went up to witness' residence with him. Appellant testified in regard to the first meeting that occurred between himself and Murl Alsup, that when Alsup came up and called him aside, he said he did not think of any trouble as they had been getting along all right as far as he knew, but when he got to where Murl Alsup was, Murl said, "I am as drunk as hell and now by God, you turn me in if you think you can, and you are an officer, by God, turn me in," and during this time he was punching him with an iron bolt. Appellant remarked, "No, I can't turn you in, I am no officer." He said, "Well, you were elected constable, turn me in by God," and appellant remarked, "If I was elected I did not qualify." Just at this point Lewis Wells spoke up and said, "No, Murl, Henry is not an officer." Appellant said he turned around and left him, and went up home with Mr. Hill. In regard to the second meeting, he said: "I saw Mr. Jones sitting down on the edge of the gallery next to me, and when I walked up, I noticed some other parties sitting on the same porch on the west of him. I saw Murl Alsup there, he got up and started towards me. I just walked up to the corner of the gallery and asked Mr. Jones if he had traded the mule yet and he said that he had, when Murl Alsup got up and came right up to me, with his hands hanging down by his side and

with his knife open in his right hand, with only the blade showing, and he said to me, 'I have been telling these fellows that I cursed you for every God damn son-of-a-bitch I could lay my tongue to and you took it.' I said, 'You must be mistaken, I guess I was not there,' and he said, 'Yes, by God, you was, and by God I done it right over yonder on that gallery.' I said, 'Murl, you go on and let me alone, I don't want to have any trouble with you.' I said, 'Murl, what is the matter with you, you are just hunting trouble,' and he said, 'Yes, by God, and I had just as soon have it right now as any other time,' and grabbed me in the collar with his left hand, with a knife in his right, and started to strike me with the knife, and I grabbed his right hand with my left hand, and about that time Jim Alsup grabbed Murl, and I stooped down and picked up a stick and struck him across the arm the knife was in, but I saw I could do nothing towards protecting myself in that way, and him with a knife, and I threw down the stick and got my knife, and just about that time Murl slung Jim loose from him, and as he did so, came around towards me and I cut him one time with my knife, and cut at him the second time, but think that I only cut his coat, and he then retreated and I followed him around on the west side of the barbershop and tried to get as close to him as I possibly could so as to keep him from shooting me. He put his hand to his hip pocket and said, 'Stop, by God, or I will shoot you,' and about this time Jim Alsup said, 'Don't follow him, Henry,' and I said, 'I am not going to follow him,' and he went on across the street to the doctor's office.'' The testimony is rather voluminous for a difficulty of its proportion, and the above is rather a condensed statement of the facts.

1. The court charged the law, among other things, applicable to self-defense, but failed to charge the jury that appellant had the right to continue his self-defense as long as the danger appeared to him. We are of opinion that this phase of the law should have been given under the facts stated.

2. .The court also limited appellant's right of self-defense by charging on provoking a difficulty. That issue was not in the case under any of the evidence.

3. Special charge No. 2 requested by appellant asked the court to instruct the jury that if Murl Alsup was in the act of inflicting serious injury on defendant by some act on his part then done, that defendant was not required to wait until the injury was actually inflicted but he would have the right to strike before he received the violence, if any, and would further have the right to continue his defense by following Alsup and inflicting such violence as appeared to him to be necessary in his defense, provided in so following him, if he did, he then believed from the circumstances that Alsup was seeking to gain some advantage for the purpose of inflicting serious harm on him as it appeared to him. This charge was refused. Upon another trial we are of opinion this phase of the law should be submitted to the jury. These two issues are properly presented for revision, and we are of opinion that both are

well taken, first, that the law of self-defense was not sufficiently given, as indicated, and second, that the issue of provoking a difficulty by appellant is not raised by the evidence, and that it was an unwarranted limitation on his right of self-defense.

The judgment is reversed and the cause is remanded.

*Reversed· and remanded.*