WILLIAM TYRONE HARRIS V. STATE.

No. 26,081. December 3, 1952.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the murder of Bennie Clay, with punishment assessed at imprisonment in the state penitentiary for life.

Under the questions presented for review, it would serve no useful purpose to give an extended statement of the facts.

The state's testimony shows an unprovoked and unjustified killing by the appellant, while that of the appellant and his witnesses shows a killing upon self-defense from the actual as well as the apparent attack of the deceased and upon threats, direct and communicated.

The sole complaint against the charge of the trial court was the failure to give a special charge which would have the effect of instructing the jury that the fact that appellant was armed when he sought out the deceased for an explanation as to the threats made could not and would not deprive the appellant of his right of self-defense.

It has been the repeated holding of this court that a charge as to the right of an accused to go armed when seeking his adversary for an explanation of his conduct is not required unless the trial court, in some manner—such as by a charge on provoking the difficulty, or otherwise, places a limitation upon the accused's right of self-defense. Branch's P. C., Art. 1109, Sec. 1950.

Here, there was no limitation placed upon appellant's complete and perfect right of self-defense. Under the rule stated, then, the trial court did not err in refusing the requested charge.

Complaint is made of the overruling of a motion for continuance, which, upon its face, recited that it was a first application. In overruling the motion, the trial court certified that he "considered" the motion as a third application for continuance. However, he did not so certify as a fact, nor did he recite any fact which would so show, that the motion was a third application for continuance.

Whether the motion was a first or third application is immaterial and not necessary to be here determined, for, upon the hearing of the motion for new trial, there was presented by the state the affidavit of the absent witness for whom the continuance was sought, in which the witness swore she would not have testified as appellant, in the motion for continuance, represented that she would. 9 Tex. Jur., Sec. 155, at page 865.

For this reason, alone, the trial court was amply justified in refusing the motion for a new trial, based upon the refusal of the motion for continuance.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.