**Catarina DE LA CRUZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45596.**

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 14, 1973.

Melvyn Carson Bruder, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed the punishment at 199 years.

The sufficiency of the evidence is not challenged.

The appellant, Catarina De La Cruz, had lived with Alexandra Contreras, the deceased, "off and on" for several years. The State's evidence shows and the appellant testified that he killed Alexandra Con-

treras with a gun. His main contention is that the killing was in self-defense.

On the 15th of June, 1969, Alexandra Contreras, the deceased, and others were at her apartment at Bryan and Fitzhugh Streets in Dallas. The appellant and two other men went to a store to get beer and when they returned, the appellant went into a bedroom and called for Alexandra to come inside. Shortly thereafter, Alexandra called for her sister, Juanita. When Juanita entered the bedroom she saw that the appellant had a gun and he was scuffling with Alexandra. The evidence shows that the gun belonged to Alexandra and one of the issues as it developed during the trial was whether Alexandra had the gun or the appellant had had it in his pocket or had taken it away from her at the time in question. In any event, the appellant left with the gun and one witness testified that he had showed him the gun during the following week and said that he planned to kill Alexandra with it.

The homicide occurred in the parking lot at the El Zarape dance hall in Dallas, approximately a week from the time the appellant left Alexandra's apartment with the gun. During the Saturday night before the homicide on early Sunday morning, Alexandra with her sister Juanita and her husband went with others to the dance hall. The appellant was also present. There was no difficulty between the deceased and the appellant before the place closed at 1:00 A.M. At closing time the patrons were leaving for their cars. Alexandra went to her car with Juanita, her husband and another couple. The appellant was seen crouched behind a car in the lot. He later approached Alexandra's car, opened the door and shot her. As she fell, he continued to shoot. There were wounds in the back of her head and in the side penetrating the heart. She died as a result of these wounds.

The appellant testified that Alexandra was angry at him the week earlier because he had gone with the others to purchase beer and that she had pulled the gun on him in the bedroom and that he took it away from her. His version was that she threatened to use the gun on him that day. He testified that he went to the dance hall with the gun in his car. He also stated that she told him that she did not need the gun, and after the dance was over, he went back to his car, started to unload the gun but did not, but went to her car and as she started to raise up she told him that she was not afraid of him and that he thought that she might be attempting to get some weapon, so he shot her.

Some of the witnesses testified that each person was searched as they went into the dance hall. The witnesses in the car with Alexandra testified that she had had no weapon of any kind.

Assuming that the matters concerning the charge are properly before us for review, these contentions will be discussed.

First, the appellant complains that the court erred in failing to give a charge on threats in connection with the law of self-defense. Assuming that the evidence raises the issue of threats, this question will be reviewed.

The court, in substance, charged on threats that if the jury believed that Alexandra Contreras made threats to take the life of the appellant and that at the time of the shooting or prior immediately thereto Alexandra Contreras by some act or acts then done as viewed from the standpoint of the defendant alone at the time manifested an immediate intention to execute the threats so made and cause the defendant to have a reasonable expectation of fear of death or serious bodily injury as viewed from his standpoint alone and acting upon such reasonable expectations or fear that the defendant shot Alexandra Contreras or, if they had a reasonable doubt thereof, to acquit him. This charge is almost identical to the one in Barkley v. State, Tex.Cr.App., 214 S.W.2d 287, and found in 4 Branch's Ann.P.C.2d, Section 2280.1, page 640.

■ The appellant complains that this charge does not instruct the jury on any prior threats. There was no evidence of a threat to harm the appellant unless his testimony that she threatened to use the gun during their scuffle on June 15 or on another prior occasion amounted to a continuing threat. There was no evidence of any threat on the part of the deceased the night of the homicide and the jury could not have been misled by any omission in the charge as to prior threats. The charge followed Article 1258, Vernon's Ann.P.C., and adequately charged the jury on threats.

In the Barkley case, supra, Judge Hawkins wrote concerning threats under Article 1258 where such statute had been charged: "We do not believe the statute can be well improved on in this respect, and, where a right is given in the language of the statute, it is generally best to follow this language, and not to attempt to improve on it." He cited other cases holding that instructions following the language of the statute were sufficient.

■ Next, complaint is made that the court did not adequately instruct the jury on self-defense. The court charged that if the jurors believed from the evidence that the appellant shot the deceased one or more times with a gun and killed her but at the time of so doing that from words of the deceased, if any, or from her words coupled with acts and conduct of the deceased, if any, viewed from the standpoint of the appellant and all the facts and circumstances within his knowledge it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation of fear of death or serious bodily injury and that under such reasonable expectation of fear the defendant shot and killed her, then they were to acquit him. This is in substance the charge found in 4 Branch's Ann.P.C.2d, Section 2087. We hold that this charge adequately protected the appellant's rights under the evidence of this case.

■ It is also contended that the court erred in refusing to submit an instruction to the jury that the accused had a right to strike first. The evidence raises no such issue, and if it did the contention would be without merit. The court gave the above charge on the right of self-defense which adequately protected his rights. The charge on the right to strike first would not be required even if the evidence raised it. Culp v. State, 58 Tex.Cr.R. 74, 124 S. W. 946, cited by the appellant, is not in point. There the prosecution was for an aggravated assault, the court gave an instruction on provoking the difficulty and thus limited the charge on self-defense. There was no such limitation in the case at bar.

In the last two complaints concerning the court's charge the appellant complains that no charge was submitted on the right of the appellant to go armed and the right to seek an explanation.

■ First, there is no evidence that he went to seek an explanation for anything. And secondly, if it had been raised as with the case of right to go armed, the charge on full right of self-defense adequately protected the appellant's rights.

■ Unless the court's charge places some limitation upon the accused's right of self-defense, a charge on the right to carry arms is not required. Cavazos v. State, Tex.Cr.App., 423 S.W.2d 582; Harris v. State, 158 Tex.Cr.R. 37, 253 S.W.2d 44. No error is shown.

The record does not reflect reversible error. The judgment is affirmed.