Charles A. MORGAN,
Petitioner-Appellant,

v.

Raymond D. MASSEY, Superintendent,
Union Correctional Institution,
Respondent-Appellee.

No. 75–2452.

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1976.

Rehearing Denied May 19, 1976.

C. Michael Abbott, Fla. Legal Serv. Inc., Prison Project, Gainesville, Fla., for petitioner-appellant.

Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, Fla., Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before BELL and DYER, Circuit Judges, and MEHRTENS, District Judge.

**PER CURIAM:**

This is an appeal from a district court judgment denying relief to petitioner in a habeas corpus proceeding. We affirm the judgment of the district court.

Appellant asserts that the non-existence of his trial transcript precluded an effective appeal of his manslaughter conviction in the state court of Florida. His privately retained counsel, in an apparent effort to diminish his client's expenses, did not request a court reporter for the criminal proceeding.

■ Despite the appellant's contentions to the contrary, a reconstructed record, as opposed to a verbatim transcript, can accord effective appellate review. *Mayer v. City of Chicago*, 404 U.S. 189, at 194, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), citing *Draper v. Washington*, 372 U.S. 487, 495–496, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). This is especially true where, as here, the state appellate rules establish a procedure for reconstruction of the trial record. See Rules 6.7(f) and 6.9(d) of the Florida Appellate Rules. Appellant is unable to complain of an inadequate record for appellate review since he made no effort to compile an alternative record pursuant to the appellate rules.

■ Furthermore, Morgan has failed to demonstrate the state involvement which is a requisite to federal habeas corpus relief. His attorney having been privately retained, appellant has not shown that a state official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused. See *Fitzgerald v. Estelle*, 505 F.2d 1334, 1337 (5th Cir. 1975).

Appellant not having convinced us that the district court was clearly erroneous in denying the writ, we must affirm the judgment of the district court.

Affirmed.