**William Tyrone HARRIS,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

No. 77–2238
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1978.

---

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

William Tyrone Harris, pro se, Melvyn C. Bruder, Dallas, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Joe Dibrell, Asst. Atty. Gen., Chief Enforcement Div., P. E. George, David M. Kendall, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

This appeal is from a district court judgment denying relief to petitioner in a habeas corpus proceeding. Petitioner's application for habeas corpus relief comes more than twenty years after his 1952 murder conviction in a state court in Texas. The conviction was affirmed in *Harris v. State*, 158 Tex.Cr.R. 37, 253 S.W.2d 44 (1952). Since petitioner was denied representation by counsel in his appeal from the conviction, the Texas Court of Criminal Appeals permitted the petitioner an out-of-time appeal in 1973. This Court also ordered that petitioner be granted an out-of-time appeal or a new trial. *Harris v. Estelle*, 487 F.2d 56 (5th Cir. 1973). Petitioner claims that the failure of the State to provide a verbatim transcript precluded him from taking an effective out-of-time appeal and from having effective representation of counsel on appeal. Since petitioner was provided with a suitable alternative to a verbatim transcript, we affirm the judgment of the district court.

At the outset it must be noted that petitioner exhausted state remedies as to his claim that the absence of a verbatim transcript prevented him from effectively appealing his conviction. Petitioner bases his additional claim of ineffective representation by counsel, however, on the failure of the State to provide a verbatim transcript.

Because petitioner's claim of ineffective representation of counsel is founded on his contention that the record was insufficient, a determination that the reconstructed record was a suitable alternative makes it unnecessary for this Court to pass on whether petitioner's claim of ineffective representation was adequately presented to the State courts.

■ It is well established that the lack of a verbatim transcript is not a constitutional defect when a suitable alternative is provided. *Mayer v. City of Chicago,* 404 U.S. 189, 194, 92 S.Ct. 410, 414–415, 30 L.Ed.2d 372 (1971); *Morgan v. Massey,* 526 F.2d 347, 348 (5th Cir. 1976); *Mack v. Walker,* 372 F.2d 170, 172–174 (5th Cir. 1966). Quoting *Draper v. Washington,* 372 U.S. 487, 495, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), the Supreme Court reiterated in *Mayer, supra,* that

> Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript.
> . . .

Alternative methods of reporting trial proceedings are appropriate particularly where state appellate rules provide a procedure for reconstruction of the trial record, and indigents and nonindigents are treated the same. *See Morgan v. Massey, supra,* and *Griffin v. Illinois,* 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

Petitioner obtained the same type of record provided to nonindigent defendants. Pursuant to Article 759 of the 1925 Texas Code of Criminal Procedure (in effect in 1952) the State did not provide a verbatim transcript of any criminal trial proceedings. Only a statement of facts in narrative form was available to defendants in criminal cases.

Petitioner was given an opportunity to supplement the record of his criminal case at an evidentiary hearing in state court. Several witnesses from the original trial testified to material events which occurred at trial. Petitioner was allowed to bring out facts about his trial that were not reflected in the original record. A verbatim transcript of that proceeding was prepared and made a part of the record.

Although the state trial court found that petitioner could not have had a meaningful out-of-time appeal because the original trial transcript was incomplete, the Criminal Court of Appeals reversed. Noting that pertinent witnesses who appeared at the original trial gave testimony at the evidentiary hearing on points concerning petitioner's claims of reversible error, the Criminal Court held that the evidence adduced was sufficient to rule on the claimed errors, and affirmed the conviction.

Petitioner asserts that Texas laws permit a narrative statement of facts to substitute for a verbatim transcription of the record only when bills of exception are filed by trial counsel. The record shows that trial counsel did file two bills of exception. Further, under Texas criminal procedure laws, petitioner was entitled to file additional bills of exception in the out-of-time appeal. Tex.Code Crim.Proc. arts. 36.20 and 40.-09(6), (6a) and (16). Petitioner's assertion, therefore, must fail.

■ Petitioner was provided a statement of facts in narrative form in accordance with state law. The record provided petitioner was the same type of record given to all defendants in criminal cases, including nonindigent defendants. At a subsequent evidentiary hearing petitioner was given an opportunity to adduce evidence to supplement the record. Witnesses from the trial testified at the hearing to facts surrounding petitioner's claims of error. For these reasons we conclude that a suitable alternative to a verbatim record was provided, and petitioner was not denied an effective appeal.

AFFIRMED.