United States Court of Appeals,

Fifth Circuit.

No. 92–1114

Summary Calendar.

UNITED STATES of America, Plaintiff–Appellee,

v.

John Anthony MARGETIS, Defendant–Appellant.

Oct. 28, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, DAVIS and JONES, Circuit Judges.

POLITZ, Chief Judge:

John A. Margetis appeals the rejection of his 28 U.S.C. § 2255 motion to set aside his arson-related convictions, complaining that the court reporter failed to provide this court with a complete and accurate transcript on his direct appeal of the convictions. Concluding that the omission of a portion of the record on direct appeal does not warrant section 2255 relief, we affirm.

Background

Margetis was convicted of conspiring to maliciously destroy a building used in or affecting interstate commerce, aiding and abetting the actual destruction of the building, and mail fraud. Represented by new counsel he appealed, contending that: (1) the evidence was insufficient to support his convictions; (2) the government failed to prove the interstate commerce involvement required by 18 U.S.C. § 844(i); and (3) the prosecutor improperly bolstered the testimony of a witness. We rejected all assignments of error and affirmed.

Invoking 28 U.S.C. § 2255, Margetis sought relief from his convictions based on the dual proposition that he was not represented on appeal by his trial attorney and the transcript furnished this court was incomplete. It now appears that the transcript did not contain the cross-examination of Kenneth Foster, a government witness. At an evidentiary hearing before the magistrate judge to whom the matter was referred, the court reporter testified that the computer diskette containing

Foster's testimony was defective and she resorted to her backup shorthand notes and audio recording. One pad of her notes was missing and her audio record did not include Foster's cross-examination because it was prematurely turned off. During the course of the instant proceeding, another court reporter assisted her in retrieving Foster's cross-examination from the defective diskette and Pollard transcribed and filed same.

The magistrate judge reviewed the record, including the proffered supplement to the trial transcript, and concluded that the supplement contained an accurate account of the missing part of the record. After reviewing the supplemented record, the court *a quo* found no prejudice caused by the missing partial record and denied section 2255 relief. Margetis timely appealed.

Analysis

A complete and accurate record of trial court proceedings is essential to the appellate process. When a defendant is represented by an appellate lawyer different from the trial lawyer, a complete and accurate transcript is an imperative. In such a situation a criminal defendant typically need not show specific prejudice in order to obtain relief. In *United States v. Selva,*[1] we so held. In *Selva* the court reporter became ill and failed to transcribe the closing argument of the prosecutor. The trial court declined to grant a new trial. We held that a showing of prejudice was not necessary because Selva was represented on appeal by new counsel. Our reasoning was straightforward. It guides today's resolution.

> When, as here, a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal ... [w]hen a defendant is represented on appeal by counsel not involved at trial, counsel cannot reasonably be expected to show specific prejudice. To be sure, there may be instances where it can readily be determined from the balance of the record whether an error has been made during the untranscribed portion of the proceedings. Often, however, even the most careful consideration of the available transcript will not permit us to discern whether reversible error occurred while the proceedings were not being recorded.[2]

We have eschewed a mechanistic approach requiring an automatic reversal, however, preferring, as we perceive *Selva* to authorize, a case-by-case review which requires reversal only

[1]559 F.2d 1303 (5th Cir.1977).

[2]559 F.2d at 1306 (footnote and citations omitted).

when a substantial and significant portion of the transcript is missing.[3]  In a collateral proceeding under 28 U.S.C. § 2255 the petitioner must demonstrate "a fundamental defect which inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary grounds of fair procedure."[4]  *Selva* teaches that omissions from the transcript can jeopardize the defendant's right to a meaningful appeal, particularly where he is represented by new counsel.  The reviewing court, therefore, must consider whether the missing portion of the transcript prejudiced the defendant by denying him "effective appellate review."[5]

We do not here consider a case in which the entire transcript or a major portion thereof was not provided for the direct appeal.  The missing portion at bar dealt only with the cross-examination of one witness, Kenneth Foster.  We now have before us what has been accepted by the trial court as an accurate transcript of the cross-examination of Foster.  We accept that designation by the trial court.  It is for the district courts to determine the contents of appellate records.[6]  We have long held that "that determination, absent a showing of intentional falsification or plain unreasonableness, is conclusive."[7]  Margetis contends that the court reporter's testimony lacked credibility.  The trial judge did not think so and we are not wont to reject his credibility assessment.[8]

Whether Margetis is entitled to relief from his conviction under section 2255 turns on the materiality and relevancy of the cross-examination testimony of Foster and its likely impact on the trial's result.  A close reading of Foster's testimony, in light of the entire record, fully persuades that

---

[3]The Ninth Circuit recently rejected this approach in favor of remanding all cases to the district court for a determination with respect to any prejudice produced.  *United States v. Antoine,* 906 F.2d 1379, 1381 (9th Cir.1990).  In light of the result we reach today, we need not address this conflict.

[4]*Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

[5]*See Harris v. Estelle,* 583 F.2d 775 (5th Cir.1978);  *Morgan v. Massey,* 526 F.2d 347 (5th Cir.), *cert. denied,* 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976).

[6]Fed.R.App.P. 10(e).

[7]*United States v. Mori,* 444 F.2d 240 (5th Cir.), *cert. denied,* 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187 (1971).

[8]*United States v. Hoskins,* 910 F.2d 309, 311 (5th Cir.1990).

the testimony of Foster on cross-examination had no relevance to any issue raised on appeal. The very short cross-examination consisted of an attempt to challenge Foster's familiarity with Margetis' financial condition at the time of trial. This cross-examination was brief and not conclusive of any point relevant to the trial of the several criminal charges. We are convinced beyond peradventure that the panel of this court which affirmed the convictions would have reached the same result when it reviewed the entire record of the trial, had it then before it this brief omitted portion of the transcript. The portion omitted was neither substantial nor significant. Margetis was not denied effective appellate review. His section 2255 motion properly was denied.

AFFIRMED.