IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60712
Summary Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ISIAH AMBO, also known as Isiah Ambos,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CR-38-1-GR
--------------------
March 10, 2003


Before JOLLY, JONES and WIENER, Circuit Judges.

PER CURIAM:[*]

    Isiah Ambo appeals his jury trial conviction for conspiracy
to possess with intent to distribute an undetermined amount of
cocaine base.  After the court gave an instruction pursuant to
Allen v. United States, 164 U.S. 492, 501 (1896), and another
supplemental instruction, the jury reached a partial verdict
finding Ambo guilty of conspiracy.  However, the jury failed to
agree on a drug quantity as requested in a separate

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

interrogatory. On defense counsel's request, the court assessed the drug amount at less than five grams the lowest statutory amount and the lowest option of the unanswered interrogatory.

Ambo contends that the supplemental jury instruction was coercive and constituted a directed verdict of guilt on Count 1. Under any standard of review, this claim provides no basis for relief. Neither the original charge nor the Allen charge were defective or coercive under the circumstances. When the supplemental instruction is considered along with the original charge and the Allen charge, it was not coercive. See United States v. Monoz, 150 F.3d 401, 408 (5th Cir. 1998) (charges considered "as a whole"). The court did not abuse its discretion by giving the supplemental instruction. See United States v. Duvall, 846 F.2d 966, 977 (5th Cir. 1988).

Ambo contends that the trial court should have granted a mistrial when the jury indicated difficulty agreeing on a verdict. The trial judge was in the best position to determine whether there was a reasonable possibility that the jury could reach an impartial verdict. United States v. Gordy, 526 F.2d 631, 636 (5th Cir. 1976). The trial court did not abuse its "wide discretion" by declining to declare a mistrial on grounds of a deadlocked jury. See Lowenfield v. Phelps, 817 F.2d 285, 293 (5th Cir. 1987) (citations omitted); United States v. DeLaughter, 453 F.2d 908, 910 (5th Cir. 1972).

Ambo contends that the jury's failure to agree on drug quantity invalidates his conviction because there was not a unanimous verdict on all the elements of his offense. Under Apprendi v. New Jersey, 530 U.S. 466 (2000), a jury must unanimously agree on drug quantity only if the punishment exceeds the statutory maximum for a minimal or nonspecified drug quantity. Ambo's assertion that the jury did not unanimously find all the elements of the offense is baseless because he was not sentenced to a term greater than that allowed under the jury's unanimous partial verdict. See 21 U.S.C. § 841(b)(1)(C); see also United States v. Carbajal, 290 F.3d 277, 288 (5th Cir.), cert. denied, 123 S. Ct. 34 (2002).

Ambo contends that a substantial and significant portion of the record has not been provided for appeal. The trial court provided what it designated as a complete copy if the jury notes in chronological order; "that determination, absent a showing of intentional falsification or plain unreasonableness, is conclusive." United States v. Margetis, 975 F.2d 1175, 1177 (5th Cir. 1992) (internal quotations and citation omitted).

Ambo also asserts that he has been denied transcripts of discussions between his lawyer, the court, and the prosecutor that allegedly occurred in camera and outside his presence concerning the jury notes and the mistrial motions. No reversal or remand is warranted because "it can be readily determined from the balance of the record" that no error was made during any

untranscribed proceedings.  United States v. Selva, 559 F.2d 1303, 1306 n.5 (5th Cir. 1977).

Ambo asserts that his exclusion from in camera conferences deprived him of his right to counsel and his right to be present at all critical stages of the proceeding.  Ambo was adequately represented by counsel, who attended the conferences, and Ambo does not show that he was denied the right to consult with his counsel before or after conferences or to review the jury notes. Ambo does not explain how his absence prevented a just and fair hearing of the apparently routine and duplicative mistrial motions, and it is difficult to imagine how his presence would have contributed anything to the process.  See United States v. Gagnon, 470 U.S. 522, 526-27 (1985).

Ambo contends that his trial counsel provided ineffective assistance by failing to object to the "directed verdict" and by failing to ask for a poll of the jury.  The record is sufficiently developed to permit us to fairly evaluate of these ineffective-assistance claims on direct appeal.  United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).  Ambo's claim that counsel should have objected to the "directed verdict" lacks merit because the court's instructions were not coercive, and counsel is not ineffective for failing to raise a meritless objection.  See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).  All 12 jurors signed the verdict form.  Absent some indication that the jury's verdict was not unanimous, counsel did

not perform deficiently by declining to poll the jury.  See United States v. Costa, 691 F.2d 1358, 1363-64 (11th Cir. 1982).

Ambo contends that his offense level should not have been increased by two levels due to his role in the offense.  The unrebutted PSR and the trial record provide ample evidence that Ambo was "the organizer, leader, manager, or supervisor of one or more other participants."  U.S.S.G. § 3B1.1(c) and comment. (n.2). (Nov. 2000); see United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).

Ambo argues that, under Apprendi, it was wrong for the court to conclude that the relevant-conduct drug quantity for sentencing purposes was 772.5 grams when the jury could not agree on more than five grams.  Apprendi does not apply to drug quantities that increase only the relevant conduct under the sentencing guidelines.  United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000).  Ambo's 240-month sentence does not exceed the 20-year statutory maximum for offenses involving an unspecified drug quantity.  See 21 U.S.C. §§ 841(b)(1)(C), 846.  Further, the trial record and unrebutted PSR indicate that Ambo dealt in large quantities of crack over a period of years.  See Ayala, 47 F.3d at 690.

The judgment of the district court is AFFIRMED.

Ambo requests appointment of counsel for oral argument.  The motion is DENIED.  FED. R. APP. P. 34(a)(2)(C).

JUDGMENT AFFIRMED; MOTION DENIED.