# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-20338
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ROMERO-TREJO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-534-5

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Romero-Trejo was convicted of one count of conspiracy to commit hostage taking and was given a within-guidelines sentence of 240 months in prison and a five-year term of supervised release. In this appeal, Romero-Trejo raises claims related to the district court's denial of the requests for substitute counsel and a continuance. These requests were raised in a pro se letter that he gave to the district court at sentencing, but this letter is not in the appellate record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To the extent that Romero-Trejo argues that his right to a complete appellate record was infringed when the district court did not enter this letter into the record, this claim fails for several reasons.  First, the line of cases on which he relies addresses missing portions of trial transcripts not letters never offered into evidence.  *See United States v. Margetis*, 975 F.2d 1175, 1176 (5th Cir. 1992); *United States v. Selva*, 559 F.2d 1303, 1305 (5th Cir. 1977); *see also* 28 U.S.C. § 753.  Second, the substance of the letter, and the requests made therein, may be ascertained from the record.  Consequently, the omission of the letter does not deny Romero-Trejo "'effective appellate review.'"  *See Margetis*, 975 F.2d at 1177; *United States v. Neal*, 27 F.3d 1035, 1043-44 (5th Cir. 1994).  Finally, the letter was something Romero-Trejo had within his control; therefore, he is at least partially to blame for the failure to introduce it into evidence and the failure to move to supplement the appellate record to include a copy of it.  This argument does not entitle Romero-Trejo to any relief.

Also unavailing are Romero-Trejo's challenge to the district court's denial of his request for substitute counsel and his contention that the district court failed to make sufficient inquiries concerning his arguments that new counsel was warranted.  Our review of the record shows that the district court's inquiry into Romero-Trejo's alleged problem with counsel presents no meritorious claim because it was sufficient to ascertain the nature of the problem alleged and to glean the relevant facts.  *See United States v. Fields*, 483 F.3d 313, 352 (5th Cir. 2007).  Additionally, Romero-Trejo has not shown "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which [led] to an apparently unjust verdict." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)).  Consequently, he has not shown that the district court abused its discretion by failing to appoint substitute counsel. *See United States v. Simpson*, 645 F.3d 300, 307 (5th Cir.), *cert. denied*, 132 S. Ct. 541 (2011).  Finally, he has not shown that the district court abused its discretion by denying his motion for a continuance, which was tied to his request for a new attorney, because he has

No. 11-20338

not shown that this denial prejudiced him. *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009); *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999). The upward variance he feared never took place, and the district court sentenced him to a within-guidelines sentence.

    AFFIRMED.