# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY CRAIG,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-632-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Corey Craig appeals his conviction and sentence for possession of a firearm or ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Craig, who is represented by new counsel on appeal, first contends that the absence of a verbatim transcript of a defense witness's trial testimony prevents effective appellate review and that, for this reason, he is entitled to a new trial. Following a limited remand, which occurred on motion of the Government after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50710

Craig filed his brief on appeal, the district court reconstructed the missing part of the record and found that it constituted a substantially verbatim account of the defense witness's testimony.  Craig has not challenged the adequacy of the reconstructed record.  Because there has been no showing of intentional falsification or plain unreasonableness, we accept the district court's finding. *See United States v. Pace*, 10 F.3d 1106, 1124-25 (5th Cir. 1993); *United States v. Margetis*, 975 F.2d 1175, 1177 (5th Cir. 1992).  We further conclude that the record is sufficient for appellate review.  Accordingly, this claim is unavailing.

Next, Craig argues that the magistrate judge erred in rejecting his *Batson v. Kentucky*, 476 U.S. 79 (1986), challenge to the Government's use of a peremptory strike to keep an African-American panelist from serving on the jury.  Although Craig contends that the Government's proffered reasons for striking the panelist were pretexts for a discriminatory motive and that the voir dire transcript does not reflect the attitude and demeanor noted by the Government, such behavior may not be discernible from a cold transcript. *See Snyder v. Louisiana*, 552 U.S. 472, 477, 479 (2008).  Craig's contention that the Government did not strike other panelists who provided responses similar to the African-American panelist is unavailing because the attitude and demeanor of those panelists likewise may not be discerned from the pages of the cold transcript. *See id*.  Here, the magistrate judge conducted the voir dire and was thus in a position to evaluate the credibility and demeanor of both the prospective juror and the prosecutor. *See id*. at 477; *United States v. Thompson*, 735 F.3d 291, 296 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2663 (2014).  Given the foregoing and the great deference owed to the magistrate judge's findings, we discern no clear error in the determination that Craig did not meet his burden of showing purposeful discrimination. *See Thompson*, 735 F.3d at 296.

2

No. 13-50710

Finally, Craig argues that the district court erred in assessing the offense level enhancement of U.S.S.G. § 2K2.1(b)(6)(B) because the Government presented no evidence that he possessed firearms in connection with another felony offense. We review this claim for plain error because the district court was not presented with an opportunity to address it. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The applicable version of § 2K2.1(b)(6)(B) provided for a four-level enhancement of a defendant's offense level "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." *See* § 2K2.1(b)(6)(B) (2012). The relationship between a firearm and another felony offense is a factual question. *See United States. v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). "[I]t is well established that there can never be plain error if the issue is a factual one, which could have been resolved in district court upon proper objection." *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). Because Craig did not present this argument to the district court, he cannot prevail on plain error review. *See id.*

**AFFIRMED**.