IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40394
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE LUIS GUTIERREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(M-99-CR-546-1)
--------------------
February 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant George Luis Gutierrez appeals his sentence for conspiracy to possess with intent to distribute 1,540 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Gutierrez argues first that the district court erred when it increased his base offense level by four pursuant to U.S.S.G. § 3B1.1(a) for being the leader or organizer of a criminal activity that involved five or more participants or was otherwise extensive. Specifically, Gutierrez complains that the Presentence Investigation Report (PSR) improperly contains the conclusions of

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the DEA agents.  The PSR contained more than the bald assertions and conclusions of the DEA agents and was sufficient to support a finding that Gutierrez was a leader or organizer.  See United States v. Elwood, 999 F.2d 814, 817 (5th Cir. 1993).  As Gutierrez presented no rebuttal evidence at sentencing, the district court was entitled to rely on the PSR in making its factual determinations.  See United States v. Alford, 142 F.3d 825, 832 (5th Cir. 1998).

Gutierrez next contends that the district court erred when it enhanced his sentence pursuant to U.S.S.G. § 3B1.4 for the use of minors to commit a crime.  We review the district court's factual findings for clear error.  See United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997).  Gutierrez admitted at sentencing that his wife and children were present with him while he supervised the transportation of marijuana.  The district court could infer that Gutierrez had orchestrated the presence of his children in an attempt to give the appearance of a family traveling together and thereby avoid detection by law enforcement.  Such an inclusion of children is a "use" of minors for purposes of § 3B1.4.

Gutierrez asserts next that application of § 3B1.4 violates the Ex Post Facto Clause because there is no evidence that he used his children after November 1, 1995, the effective date of this guideline.  As Gutierrez did not raise this objection in the district court, our review is limited to plain error.  See United States v. Navejar, 963 F.2d 732, 734 (5th Cir. 1992).  Gutierrez pleaded guilty to a conspiracy that lasted until after the

2

effective date of the subject guideline provision. Therefore, application of the guideline did not violate the Ex Post Facto Clause. See United States v. Buckhalter, 986 F.2d 875, 880 (5th Cir. 1993).

Finally, relying on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 2362-63 (2000), Gutierrez argues that the district court erred when it enhanced his sentence as a career offender based on prior criminal history that was not alleged in the indictment and submitted to the jury. Apprendi expressly states, however, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63. Thus, Apprendi does not require that Gutierrez's prior convictions be alleged in the indictment. Moreover, Gutierrez's sentence of 292 months does not exceed the statutory maximum based on his criminal history, so Apprendi would not be applicable even absent its recidivism exception. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), petition for cert. filed, __ U.S.L.W. __ (U.S. Jan. 4, 2001)(No. 00-7819); 21 U.S.C. § 841(b)(1)(A).

AFFIRMED.

S:\OPINIONS\UNPUB\00\00-40394.0
4/29/04  11:20 am

3