**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 91-5541
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN D. NAVEJAR, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

( June 8, 1992   )

Before POLITZ, Chief Judge, DAVIS and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Proceeding *pro se* and *in forma pauperis* Benjamin D. Navejar, Jr. appeals the sentence imposed following his plea of guilty to distribution of heroin and carrying a firearm during a drug trafficking offense.  For the reasons assigned we affirm.

Background

Navejar was indicted for distributing more than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1), carrying a firearm

during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He reached a plea agreement which called for him to enter a plea of guilty to the first two charges and the government would dismiss the felon in possession of a firearm charge. The plea contained no provision relative to a recommended sentence. The government advised the court of the plea agreement but shortly thereafter, when Navejar appeared for entry of his guilty plea, he informed the court that he wished to proceed to trial.

The government responded to this change in circumstances by giving notice that it would seek sentence enhancement of the felon in possession charge because Navejar was a thrice-convicted felon. The plea discussions were revived and Navejar subsequently pleaded guilty to the first two counts based on an agreement substantially similar to that earlier renounced. The new agreement, however, contained a provision that the prosecution and defense concurred that a sentence of 270 months incarceration would be an appropriate disposition of the two charges.

Navejar was sentenced to jail for 210 months on the heroin distribution charge and 60 months on the carrying of a firearm during a drug offense charge, with the sentences to run consecutively, together with a supervised release term of four years and three years, respectively. He timely appealed, raising four assignments of error: (1) the presentence report (PSR) contained both procedural and factual defects; (2) the plea

2

agreement was not binding because he was not adequately informed of its contents; (3) the court erred in its guideline calculations; and (4) he received ineffective assistance of counsel.

## Analysis

In his first point of error Navejar contends that he was not given an opportunity to review the PSR before his sentencing hearing, asserting that his due process rights were violated because the court failed to provide him and his counsel with copies of the PSR at least ten days before sentencing as required by Fed.R.Crim.P. 32(c)(3)(A) and 18 U.S.C. § 3552(d). He further contends that the PSR contains many factual errors.

The contemporaneous objection rule applies equally to sentencing hearings as to trials. **United States v. Vonsteen**, 950 F.2d 1086 (5th Cir. 1992). Navejar did not object to these alleged errors during the sentencing hearing and, accordingly, he may not raise this objection for the first time on appeal absent plain error. **United States v. Lopez**, 923 F.2d 47 (5th Cir.), cert. denied, 111 S.Ct. 2032 (1991).

"'Plain error' is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings." **Id.** at 50. "It is a mistake so fundamental that it constitutes a 'miscarriage of justice.'" "Alternatively stated, when a new . . . legal issue is raised for the first time on appeal, plain error occurs where our

3

failure to consider the question results in 'manifest injustice.'" **Id.**

We perceive no plain error on the PSR complaint. At the sentencing hearing the court handed the PSR to Navejar and asked whether he had had sufficient time to review it with counsel. Navejar consulted privately with counsel and then answered in the affirmative. Nothing in the record contradicts that in-court statement. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics" is inadequate to challenge such declarations. **Blackledge v. Allison**, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 50 L.Ed.2d 136, 147 (1977).

Navejar's complaints of error in the PSR are merely general statements that it is inaccurate and misleading. He does not identify any specific error nor does he identify the facts that are, in his view, incorrect. In disputing factual assertions in a PSR the defendant must show that the information is materially untrue, inaccurate, or unreliable. **United States v. Kinder**, 946 F.2d 362 (5th Cir. 1991), cert. denied, 118 L.Ed.2d 394 (1992). Navejar's objections are vague and general; they neither demonstrate nor suggest material untruth, inaccuracy, or unreliability.

In his second assignment of error Navejar contends that although he signed the plea agreement, he was at no time "able to review the new agreement or discuss it with his counsel." He insists that it was not until months later that he realized that he

4

had signed a plea agreement different from the earlier agreement. The primary difference between the two is the provision relative to a sentence of 270 months.

The transcript of the plea hearing belies Navejar's contention. He testified that he had reached a plea agreement with the government and that he had seen the written agreement. The court, the prosecutor, and defense counsel questioned Navejar extensively about the plea agreement, its contents, and its consequences. In turn, Navejar asked questions, all of which were answered. The record of the in-court discussion of the plea agreement spans 54 pages of transcript and the key challenged provision of the agreement, the 270-month sentence, was referred to no less than nine times. At the conclusion, the vastly experienced trial judge made an express finding that Navejar understood the terms of the agreement. This assignment of error has no merit.

Navejar's third contention is that his sentence is "far above the logical and fair punishment required" by the sentencing guidelines. Once again Navejar failed to make this objection in the district court and we review only for plain error.

Navejar has neither alleged nor identified any defect in the calculation of the guidelines sentence. Only issues that are specified and briefed are properly before the appellate court. **Price v. Digital Equip. Corp.**, 846 F.2d 1026 (5th Cir. 1988), cert. denied, 493 U.S. 975 (1989); **Brinkmann v. Abner**, 813 F.2d 744 (5th Cir. 1987). A *pro se* appellant's one-page description of familiar rules, "without even the slightest identification of any error"

5

made by the district court "is the same as if he had not appealed that judgment." **Brinkmann**, 813 F.2d at 748. Without being informed of the asserted error(s) in the sentencing guidelines calculation, we can make no meaningful review. This claim, too, has no merit.

Finally, Navejar makes conclusionary charges of ineffective assistance of counsel. He contends that his attorney failed to represent him adequately when preparing the plea agreement, did not provide evidence of mitigation, failed to research the facts and law of the case, and neither explained to him the consequences of the PSR nor objected to its inaccuracies.

Our controlling precedent directs that a claim of ineffective assistance of counsel generally cannot be addressed on direct appeal unless the claim has been presented to the district court; otherwise there is no opportunity for the development of an adequate record on the merits of that serious allegation. **United States v. Higdon**, 832 F.2d 312 (5th Cir. 1987), <u>cert</u>. <u>denied</u>, 484 U.S. 1075 (1988). We "resolve claims of inadequate representation on direct appeal only in rare cases where the record allow[s] us to evaluate fairly the merits of the claim." **Id.** at 314. The case before us is not one of those rare cases; Navejar's vague allegations largely refer to matters outside of the record. We do not consider this assignment of error.

The sentence of the district court is AFFIRMED.

6