7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Thomas GOODSON, a/k/a Mr. Goody, Defendant-Appellant.
 No. 92-5629.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 30, 1993.
Decided: October 6, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles H. Haden, II, Chief District Judge. (CR-89-220-5)
 Lee F. Benford, II, Ravenswood, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Dennis Thomas Goodson appeals from a district court order imposing twenty months imprisonment as a result of Goodson's violation of his supervised release conditions. Finding no error in the proceedings below, we affirm.
 
 
 2
 Goodson was convicted of conspiracy to possess with intent to distribute cocaine in 1990. Following his release from prison, he was subject to five years supervised release. Included in the conditions of supervised release, Goodson was not to commit any federal or state crime, and Goodson was not to use illegally any controlled substance. Goodson appeared before the district court for the hearing to revoke his supervised release upon his probation officer's petition to show cause.
 
 
 3
 At the hearing the district court heard evidence from a confidential police informant that Goodson had sold her crack cocaine after his release from prison. The district court also received evidence that Goodson had tested positive for cocaine use after his release from prison. This evidence was introduced through his probation officer and was in the form of a lab report conducted by a private contractor at the behest of the probation officer. Goodson did not object to the introduction of the report at the hearing.
 
 
 4
 On appeal Goodson first attacks the introduction of the lab report, alleging violations of the Federal Rules of Evidence and the Sixth Amendment. Goodson alleges that hearsay was admitted and that his right to confrontation was infringed.
 
 
 5
 First, no violation of the evidence rules occurred. Because supervised release revocation proceedings and probation revocation proceedings have the same constitutional requirements, United States v. Copley, 978 F.2d 824, 831 and n.* (4th Cir. 1992), the Federal Rules of Evidence are inapplicable to supervised release revocation hearings. Fed. R. Evid. 1103(d)(3). Thus, the admission of the concededly hearsay testimony was not a violation of the evidentiary rules.
 
 
 6
 Second, Goodson did not contest the introduction of the evidence and fully cross-examined the probation officer as to his lack of firsthand knowledge about the accuracy of the report. Because he failed to object to the report's admission, Goodson must show plain error to merit reversal. See United States v. Young, 470 U.S. 1, 6 (1985). The admission of the lab report was not "so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings," so as to constitute plain error. United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992) (quoting United States v. Navejar, 963 F.2d 732, 734 (5th Cir. 1992)). Goodson's right to confrontation was not infringed. Thus, the introduction of the lab report was not reversible error.
 
 
 7
 Goodson also contests the revocation of supervised release by contending that there was insufficient evidence to support the district court's findings. The district court's findings need only be made by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (1988); Copley, 978 F.2d at 831.
 
 
 8
 First, Goodson contends that the district court had insufficient evidence to find that he had conducted a sale of a controlled substance. However, the district court had before it the testimony of a confidential police informant who testified to the sale. The only other evidence on the drug sale was Goodson's testimony that he was not involved and the testimony of another witness to the sale. The court expressly found the second witness had perjured himself in testifying that he had sold the informant the drugs. The court's credibility determination is not reviewable. Pigford v. United States, 518 F.2d 831 (4th Cir. 1975). Thus, there was sufficient evidence to support the district court's finding that Goodson had sold crack cocaine, in violation of his supervised release conditions.
 
 
 9
 Second, Goodson alleges that the district court erred in finding that he had not maintained employment upon release from prison and that he did not attend drug counselling as required. Goodson's allegations are frivolous. The district court did not make findings on the employment and counselling issues, and the evidence of Goodson's continued involvement with drugs was sufficient in and of itself to revoke Goodson's release. Therefore, the district court's order imposing incarceration upon the revocation of Goodson's supervised release must be affirmed.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED