IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30006
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAPHAEL F. PORCHE, also known as Mutt Porche,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CR-14-ALL-B
- - - - - - - - - -

May 26, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

     Raphael F. Porche, III, challenges his conviction for possession with intent to distribute and distribution of cocaine base.  Porche contends that the Government did not present sufficient evidence to convict him.  He asserts that the district court abused its discretion by admitting evidence of extrinsic offenses.  Finally, he contends that the district court abused its discretion by allowing the jury, during deliberations, to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have access to a transcript of a tape recording that was prepared

by the Government.  Porche states that the transcript was not authenticated properly, was not accurate, and was not admitted into evidence.

Because Porche did not move for a judgment of acquittal, we review the sufficiency of the evidence only for "a manifest miscarriage of justice." *United States v. Laury*, 49 F.3d 145, 151 (5th Cir. 1995)(citation omitted).  The record is not devoid of evidence of Porche's guilt.  *See United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992)(*en banc*)(miscarriage of justice exists "only if the record is devoid of evidence pointing to guilt").

Porche does not sufficiently brief his challenge to the district court's admission of evidence of extrinsic offenses. *See* Fed. R. App. P. 28(a)(9).  Porche has not shown that the district court abused its discretion by admitting the extrinsic-offense evidence.  *See United States v. Gourley*, 168 F.3d 165, 172 n.11 (5th Cir. 1999)(appellant cannot prevail in a challenge to an evidentiary ruling without showing through argument that the district court ruled erroneously and that the ruling prejudiced the defense).

The transcript of the tape was sufficiently authenticated by evidence presented at trial.  *See United States v. Singh*, 922 F.2d 1169, 1174 (5th Cir. 1991)(Authentication requires only "'evidence sufficient to support a finding that the matter in question is what its proponent claims.'").  Porche's failure to

identify specific inaccuracies in the transcript precludes a meaningful review on appeal. *See United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992)(parties must identify specific errors or defects for our review).

We review Porche's challenge to the district court's decision to allow the jury to have the transcript during deliberations for plain error only. *See United States v. Larson*, 722 F.2d 139, 145 (5th Cir. 1983); *see United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*). The district court's decision to allow the jury to use the transcript was not plain error. *See Larson*, 722 F.2d at 145 (district court's instruction to jury and the fact that the jury had already read the transcript precluded finding of reversible error).

AFFIRMED.