# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 00-50328
_____

**United States of America,**

**Plaintiff-Appellee,**

**versus**

**Jean S. Smith,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(W-99-CR-001-1)**
_____

January 24, 2001

Before: KENNEDY[*], JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[**]

Defendant-appellant Jean S. Smith was charged with criminal contempt in violation of 18 U.S.C. § 402. Smith pled guilty and was sentenced to forty-eight months in prison and a fine of $100. Smith now appeals, alleging that her guilty plea is invalid, that the district court imposed an

_____

[*]Circuit Judge of the Sixth Circuit, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. Rule 47.5.4.

illegal sentence and that she received ineffective assistance of counsel. For the reasons stated below, we vacate appellant's guilty plea and sentence and remand for further proceedings.

**I.**

This case originally arose out of events which occurred while appellant Smith served as trustee for the W. Blake Smith Family Trust. Appellant was named as a defendant in a civil suit by W. Blake Smith, her father-in-law, and Patti Fain Smith, her mother-in-law. As a result of the civil suit, appellant was enjoined from disposing of certain oil properties and the proceeds of those properties. Appellant was also served with a judgment upon a jury verdict, imposing a constructive trust on certain properties and all proceeds therefrom. Appellant violated the district court's orders, however, by depositing oil proceeds in a bank account and using some of those funds for her own personal use. Appellant has appeared before this court three times already in relation to these underlying events. *See Smith v. Smith*, 145 F.3d 335 (5th Cir. 1998) (reversing summary criminal contempt and affirming civil default judgment); *Smith v. Smith*, No. 96-50494 (5th Cir. June 30, 1997) (unpublished opinion) (affirming jury verdict against Smith); *Smith v. Smith*, No. 96-50569 (5th Cir. Dec. 3, 1996) (unpublished opinion) (reversing criminal contempt and affirming civil contempt findings).

The facts relevant to the present case are as follows. The government charged appellant, in an information filed January 5, 1999, with criminal contempt for violating orders issued by the district court. The information charged appellant with violating the district court's orders "contrary to Texas Penal Code, Section 31.03 and 32.45, and in violation of Title 18 United States Code 402." Title 18, U.S.C. § 402, provides, in part:

2

Any person . . . willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States . . . by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall be prosecuted for such contempt . . . and shall be punished by a fine under this title or imprisonment, or both. . . . [I]n no case shall the fine to be paid to the United States exceed, in case the accused is a natural person, the sum of $1,000, nor shall such imprisonment exceed the term of six months.

Appellant pled guilty to criminal contempt violating § 402 pursuant to a written plea agreement. Despite the express maximum sentence of six months under § 402, and the fact that § 402 states a class B misdemeanor which is not covered by the Sentencing Guidelines,[1] appellant's plea agreement stated that she understood that there was no statutory maximum for the crime charged and that her sentence would be imposed in accordance with the Sentencing Guidelines. In addition, there was no waiver of appeal provision in the written plea agreement.

At arraignment, the district court instructed appellant that she was charged with violating § 402 and incorrectly explained that there was no statutory maximum sentence. Both counsel agreed with the district court's erroneous statement. The government then incorrectly stated that appellant had agreed in the written plea agreement to waive her right to appeal except in the case that the court chose to depart upward from the Sentencing Guidelines. The government then explained that given the absence of specific guideline provisions for contempt, the parties agreed that the most analogous provisions were those for fraud.[2]

---

[1] U.S.S.G. § 1B1.9 provides that "the sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction." Application Note 1 explains that a Class B misdemeanor is an offense for which the maximum statutory penalty is more than thirty days but no more than six months.

[2] The government was presumably referring to U.S.S.G. § 2X5.1, which provides that "[i]f the offense is a Class A misdemeanor or a felony for which no guideline expressly has been

On April 10, 2000, the district court imposed on Smith a sentence of forty-eight months and a $100 fine. Although the government contends that the sentence is legitimate under 18 U.S.C. § 401 and that the court and both parties believed they were proceeding under § 401, neither the parties nor the district court made any reference to § 401. The district court noted that the sentence could be considered alternatively as either (1) an upward departure, to the extent that the fraud guidelines could appropriately be applied to this case, or (2) a reasonable and necessary sentence fashioned by the court's discretion without consideration of the guidelines, in accordance with 18 U.S.C. § 3553(b).[3] On May 23, 2000, the district court entered a criminal judgment, reciting a violation of § 402.

Appellant now appeals, alleging that she did not waive her right to appeal, that her guilty plea is invalid, and that the district court imposed an illegal sentence. Appellant also claims that she received ineffective assistance of counsel.

## II.

Throughout the record of this case, the parties and the district court discussed appellant's offense in relation only to 18 U.S.C. § 402. The charging information, the plea agreement, the Presentence Report (PSR), the discussion at arraignment, statements at the sentencing hearing,

---

promulgated, apply the most analogous offense guideline." U.S.S.G. § 2X5.1 is not applicable to § 402, however, because § 402 provides for a maximum six month sentence and constitutes only a Class B misdemeanor.

[3] 18 U.S.C. § 3553(b) provides that in the absence of applicable Sentencing Guidelines, "the court shall impose an appropriate sentence having due regard for the purposes set forth in subsection (a)(2)."

and the criminal judgment all refer exclusively to § 402. Despite this consistent formal treatment of appellant's offense as a violation of § 402, the government contends that the parties understood from the start that appellant was actually charged with a violation of 18 U.S.C. § 401, which provides that "[a] Court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command." The government seeks to have this case considered under § 401 because there is no statutory maximum sentence for a contempt conviction under § 401 and appellant's forty-eight month sentence would, thus, not be facially invalid. The government cites as evidence for its proposition the fact that appellant was informed at arraignment, in the PSR, and at sentencing that there was no maximum sentence for her crime and that in her plea agreement, appellant explicitly acknowledged that she was "aware that the statute to which she is pleading has no maximum term of imprisonment." In addition the government contends that statements concerning application of the Sentencing Guidelines evidence the intent of the parties to act under § 401. The government argues that the repeated citations to § 402 were clerical errors and that all of the parties knew that § 401 was the intended statute.

Unlike cases cited by the government in which references to both statutes in question were found in the record, there is no evidence of any mention of § 401 anywhere in the record of the present case. Despite obvious misstatements of the law, the parties and the district court were consistent in their explicit citation only to § 402. In addition, the information contains language substantiating the state law violation requirement of § 402 which is not a necessary element of a § 401 violation. The information charged appellant with violating sections of the Texas Penal Code

5

as well as 18 U.S.C. § 402 which is consistent with the § 402 requirement that "the act . . . done be of such character as to constitute a criminal offense . . . under the laws of any state in which the act was committed." A contempt conviction under § 401 requires no such state law allegation. Finally, the district court's alternate explanations of its sentence as resulting from either an upward departure under the Sentencing Guidelines or a sentence outside of the guidelines only demonstrates the ongoing misunderstandings plaguing this case. Although there were obvious misstatements of law under § 402, without any express reference in the record to § 401 this court cannot conclude on this record that the parties intended to proceed under § 401. In view of the confusion and misunderstanding, we vacate appellant's guilty plea and sentence and remand for further proceedings.

In addition, appellant claims ineffective assistance of counsel, alleging specifically that her counsel failed to raise a statute of limitations defense, failed to object to the PSR and misinformed appellant as to the maximum sentence under § 402. This court will review claims for ineffective assistance of counsel on direct appeal only in rare cases in which the record has been fully developed and allows for a fair evaluation on the merits. *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992). In general, the appropriate place to raise an ineffective assistance of counsel claim is in a 28 U.S.C. § 2255 motion. The record here does not offer any indication of why appellant's attorney took or failed to take certain action and cannot provide this court with adequate evidence to review appellate's ineffective assistance of counsel claim. As a result, we decline to review the claim.

**III.**

6

In sum, we vacate appellant's guilty plea and the sentence imposed by the district court, and remand for further proceedings. In addition, we decline to review appellant's claim for ineffective assistance of counsel at this time.

VACATED and REMANDED.