IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20737
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WANDA T. GIANCATERINO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-599-1
--------------------
June 14, 2001

Before  WIENER, DeMOSS, and DENNIS, Circuit Judges

PER CURIAM:*

Wanda Giancaterino appeals her jury conviction and sentence for manufacturing, transferring, possessing, and concealing counterfeit U.S. currency in violation of  18 U.S.C. §§ 471-73. For the first time on direct appeal, she asserts that she received ineffective assistance of counsel at trial.

The only argument Giancaterino has briefed concerns the effect her counsel's alleged ineffectiveness had on her sentence. Direct appeal of her conviction is therefore waived.  See Yohey

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(9).

We address the merits of Giancaterino's ineffectiveness argument, despite being raised for the first time on appeal, because we find this to be one of the "rare" cases where the record allows a fair evaluation of the claim's merits.  See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

In order to establish ineffective assistance of counsel, Giancaterino must show that (1) her counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced her defense.  Strickland v. Washington, 466 U.S. 668, 689-94 (1984) Giancaterino fails to meet either requirement.

The record establishes that her counsel's decision to proceed to trial after the Government refused a conditional guilty plea was a strategic judgment call.  The record is devoid of evidence to rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."  See id. at 689.

Giancaterino furthermore concedes, and the record supports, that she cannot establish the requisite prejudice because it is purely speculative whether the district court would have awarded a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1 had she pleaded guilty.  See id. at 694. (defendant must show to a reasonable probability that the result of the proceeding would have been different).  AFFIRMED.