IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50763
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SERGIO MARTINEZ-ALCARAZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1970-ALL-H
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges

PER CURIAM:*

    Sergio Martinez-Alcaraz (Martinez) appeals his conviction
and sentence following a guilty plea to importing 100 kilograms
or more of marijuana into the United States, a violation of 21
U.S.C. § 952(a).  Martinez argues pursuant to Apprendi v. New
Jersey, 530 U.S. 466 (2000) that the statute under which he was
sentenced, 21 U.S.C. § 960, is unconstitutional on its face.

    Martinez did not raise this objection in the district court,
and, therefore, we review for plain error only.  See United
States v. Navejar, 963 F.2d 732, 734 (5th Cir. 1992).  Martinez

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

concedes that this issue is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (2000), <u>cert. denied</u>, 121 S. Ct. 2015 (2001), which held that <u>Apprendi</u> did not render analogous statutes under the Controlled Substances Act facially unconstitutional.  238 F.3d at 582.  This court is bound by its precedent absent an intervening Supreme Court decision or a subsequent en banc decision.  <u>See United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1091 (2000); <u>United States v. Mathena</u>, 23 F.3d 87, 91 (5th Cir. 1994).

AFFIRMED.