IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20261
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON CREIGHTON SAMPLE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-721-3
--------------------
March 11, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

Brandon Creighton Sample appeals his conviction and sentence following a guilty plea to conspiracy to commit money laundering and other related crimes. For the following reasons, we affirm the judgment of the district court.

Applying de novo review, we reject Sample's argument that the indictment was insufficient. It is not necessary that a conspiracy charge include the elements of the substantive offense. See United States v. Threadgill, 172 F.3d 357, 367 (5th Cir. 1999); see also United States v. Guzman-Ocampo, 236 F.3d

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

233, 236 (5th Cir. 2000) (de novo standard applied), cert. denied, 121 S. Ct. 2600 (2001). Because we hold the indictment sufficient, we also reject Sample's claim of ineffective assistance of counsel.

Sample acknowledges, and we hold, that the propriety of the district court's application of the money laundering sentencing guidelines to his self-described "garden variety" fraud case is unreviewable. United States v. Loe, 248 F.3d 449, 463 (5th Cir.), cert. denied, 122 S. Ct. 397 (2001). Reviewing for plain error only, we further hold that Sample has failed to demonstrate that the money laundering sentencing guidelines conflict with the stated purpose of the enactment of the Sentencing Guidelines. See United States v. Navejar, 963 F.2d 732, 734 (5th Cir. 1992) (applying plain-error review). We also hold under the plain-error standard that the factual basis of Sample's plea supported the charge of possession of counterfeit securities. See FED. R. CRIM. P. 11(f); United States v. Marek, 238 F.3d 310, 315 (5th Cir.) (en banc) (applying plain-error review), cert. denied, 122 S. Ct. 37 (2001).

Insofar as Sample argues that the amount of funds laundered was incorrectly calculated, we find no clear error on the part of the district court. See United States v. Rodriguez, __ F. 3d __, (5th Cir. Jan. 4, 2002), 2002 WL 13646 * 6 (U.S.S.G. § 2S1.1 valuation reviewed for clear error). We also hold that Sample was granted the right of allocution prior to sentencing. See FED. R. CRIM. P. 32(c)(3)(C); United States v. Washington, 44 F.3d 1271, 1276 (5th Cir. 1995).

We further hold that the district court did not abuse its discretion in denying Sample's motion for discovery or in denying counsel's oral motion to withdraw representation.  See United States v. Ellender, 947 F.2d 748, 756 (5th Cir. 1991) (discovery); United States v. Wild, 92 F.3d 304, 307 (5th Cir. 1996) (motion to withdraw).

AFFIRMED.