IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-11131

Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMPIE THOMPSON, III,
also known as Sampie Thompson,

Defendant-Appellant.

———————————

Appeal from the United States District Court
For the Northern District of Texas
4:00-CR-267-1-E

———————————

May 15, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Sampie Thompson appeals his conviction and sentence for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). We affirm.

Thompson claims that the factual basis for his guilty pleas was insufficient to support his conviction. We conclude that the district court's finding of adequate factual basis was not clearly

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneous, given the testimony of Thompson's fiancee and other portions of the record.

Thompson argues that 18 U.S.C. § 922(g)(1) cannot constitutionally be construed to proscribe interstate possession of a firearm when the only interstate nexus is the fact that it traveled across a state line at some time in the past. He concedes that this issue is foreclosed by our decision in *United States v. Daugherty*,[1] and raises it only to preserve the issue for Supreme Court review.

Thompson also claims that 18 U.S.C. § 922(g)(1) violates due process and the Second Amendment by authorizing a conviction without requiring proof that the defendant knew that his conduct was illegal, relying upon the district court opinion that we reversed in *United States v. Emerson*.[2] He seeks only to preserve this issue for Supreme Court review.

Thompson contends that the district court erred by treating two of his prior convictions as unrelated for sentencing purposes, pursuant to U.S.S.G. § 4A1.2(a)(2). The first conviction was for delivery of less than 28 grams of cocaine, committed on August 29, 1990. Thompson pled guilty on March 5, 1992, and was sentenced to a seven-year prison term. The second conviction was for possession of less than 28 grams of cocaine on March 22, 1991. On April 12, 1991, Thompson pled guilty and received eight years' probation,

---

[1] 264 F. 3d 513, 518 (5th Cir. 2001).

[2] 270 F.3d 203 (5th Cir. 2001).

which was revoked on March 6, 1992, and he was sentenced on the same day to another seven-year prison term, concurrent with his other seven-year sentence. Thompson committed the two offenses on different dates and was originally sentenced in each case on a different date. The district court did not abuse its discretion in finding that the two offenses are not related for § 4A1.2 purposes.

Thompson argues that his counsel was ineffective for advising and permitting him to plead guilty. Thompson has since withdrawn his claim that the district court erred by denying his motion to withdraw his plea, and thus cannot satisfy *Strickland*'s prejudice requirement.[3]

Thompson also argues that counsel was ineffective by failing to file a motion to suppress and other pretrial motions. This claim has not been properly presented to the district court, and we do not consider this claim because the record is inadequate to enable us to evaluate it fairly on the merits.[4]

Thompson also asserts that the district court abused its discretion by denying his motion for a continuance of the hearing on his request to withdraw his guilty plea. Thompson mooted this claim by withdrawing his claim that the district court abused its discretion by denying his motion to withdraw the plea.

AFFIRMED.

---

[3] *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985).

[4] *See United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992).