IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50245
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY HARRISON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-112-ALL
--------------------
December 16, 2002

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Tony Harrison pleaded guilty to count 1 of an indictment charging him with being a felon in possession of a firearm and has appealed his conviction and sentence. Harrison's original attorney was permitted to withdraw and substitute counsel was appointed 15 days before the sentencing hearing. Harrison argues that his right to due process and his Sixth Amendment right to counsel were denied because the district court refused to continue the sentencing hearing.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Fourth Amendment issues which Harrison wishes to raise were waived by entry of the guilty plea.  See United States v. Owens, 996 F.2d 59, 60 (5th Cir. 1993).  Harrison does not state on appeal why he should be permitted to withdraw his guilty plea.  Nor does he state what additional issues could have been raised with regard to the findings and conclusions in the presentence report.  Accordingly, Harrison has not shown that he was prejudiced because the district court denied the motion for a continuance.  See United States v. Castro, 15 F.3d 417, 423 (5th Cir. 1994).

Because the record has not been developed, we have not considered whether Harrison's original attorney rendered ineffective assistance in failing to file a motion to suppress or in advising Harrison to enter a guilty plea.  See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).  To the extent that Harrison contends that he received ineffective assistance of counsel after substitute counsel was appointed, Harrison has not satisfied either prong of the standard in Strickland v. Washington, 466 U.S. 668, 687-94 (1984).  The judgment is

AFFIRMED.