United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41105
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD BERNARD NELSON, also known as Dummy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CR-32-1
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Clifford Bernard Nelson appeals his sentence for possession with intent to distribute and distribution of crack cocaine. He argues that he received ineffective assistance of counsel when his appointed counsel did not appear at his sentencing hearing.

We have jurisdiction over this appeal despite Nelson's appeal waiver, because our review of the plea proceedings reveals that the magistrate judge did not fulfill the FED. R. CRIM. P. 11(c)(6) (2001) requirements, and, therefore, the waiver

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not knowingly and voluntarily made.  See United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999).

We further find that the record sufficiently addresses the ineffective assistance claim and, therefore, that its merits can be addressed on direct appeal.  See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).  Nelson, however, has demonstrated no prejudice suffered from appointed counsel's absence from his sentencing proceedings.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Nelson was represented by retained counsel at the proceedings, and appointed counsel's presence was unnecessary to resolve the sentencing objection at issue.

AFFIRMED.