United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-41187 c/w
No. 03-40146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL LONGORIA-CONTRERAS,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
(M-93-CR-99-1)
---------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rafael Longoria-Contreras (Longoria) pleaded guilty to conspiracy to possess with intent to distribute over 1000 kilograms of marihuana and over five kilograms of cocaine and to maintain locations in which to store the controlled substances prior to distribution. He was sentenced to 156 months of imprisonment and five years of supervised release and was ordered to pay a $17,500 fine. As a result of Longoria's 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2255 motion, he was granted permission to take this direct appeal out of time.

Longoria argues that this case should be remanded for the district court to determine the ineffective assistance claims raised in his 28 U.S.C. § 2255 motion that were dismissed without prejudice by the district court. He contends that these issues go to the validity of his conviction and that, given the extensive history of this case, equity and efficiency require that these matters be addressed prior to his direct appeal. In his application to this court for a certificate of appealability (COA) from the dismissal without prejudice of those claims, Longoria did not argue that exceptional circumstances existed warranting their resolution prior to his direct appeal. We denied a COA; and Longoria has not shown that he is entitled to revisit these issues here. Because, as Longoria concedes, the record regarding his ineffective assistance claims was not adequately developed in the district court, these claims will not be addressed on direct appeal. See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).

Longoria contends that the quantity of drugs should have been proven as an element of the offense and that Apprendi v. New Jersey, 530 U.S. 466 (2000), renders 21 U.S.C. § 841 and, by reference, 21 U.S.C. § 846, unconstitutional. As Longoria concedes, these arguments are foreclosed by United States v. Slaughter, 238 F.3d 580 (5th Cir. 2000).

Longoria also asserts that the district court erred in sentencing him by imposing a fine and by imposing the four-level enhancement in U.S.S.G. § 3B1.1(a). Although the district court originally expressed concern regarding the assets from which Longoria could pay a fine, the court subsequently concluded that there was sufficient evidence in the presentence investigation report (PSR) to support the imposition of the fine. The court specifically cited the large sums of money that were paid to Longoria in the course of the drug conspiracy. Longoria did not refute this information, and his unsworn assertion, through counsel, that he did not have any assets left at the time of sentencing is insufficient to rebut the information in the PSR. See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995). Likewise, Longoria has not shown that the district court clearly erred in applying the four-level enhancement for his having been a leader or organizer of criminal activity involving five or more participants or that was otherwise extensive. See United States v. Cooper, 274 F.3d 230, 247 (5th Cir. 2001).

AFFIRMED.