**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 14, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20864
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS GREER,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-152-2
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Curtis Greer appeals from his conviction for conspiracy to
possess and possession with intent to distribute crack cocaine
and aiding and abetting. He argues that he was denied his Sixth
Amendment right to effective assistance of counsel when
(1) counsel's alleged miscalculation of the sentence exposure
under the terms of the proposed plea offer led Greer to reject
the plea and (2) counsel failed to object to the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

omission of the requested jury instruction on eyewitness identifications.

A claim of ineffective assistance of counsel generally cannot be addressed on direct appeal unless the claim has been presented to the district court. United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987); see also Massaro v. United States, 538 U.S. 500, 505 (2003). We resolve claims of inadequate representation on direct appeal only in "rare" cases where the record allows a fair evaluation of the claim's merits; Greer's is not such a case. See Navejar, 963 F.2d at 735. The record is devoid of the factual development necessary to determine whether but for counsel's alleged miscalculation of Greer's sentence exposure, Greer would have accepted the Government's plea offer and received a lesser sentence and, additionally, the reasons underlying counsel's alleged omission in failing to object to the jury charge. See Strickland v. Washington, 466 U.S. 668, 687 (1984). These issues are therefore best raised in a 28 U.S.C. § 2255 proceeding.

AFFIRMED.