**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10810
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LAWRENCE MILLER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:03-CR-226-ALL-A)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Michael Lawrence Miller, a correctional officer with the Bureau of Prisons, was convicted by a jury of aggravated sexual abuse, sexual abuse of a ward, and abusive sexual contact. He was sentenced to a total of 150 months in prison and four years of supervised release.

Counsel has not adequately briefed the claim that the evidence was insufficient to support Miller's conviction. He was convicted of committing the above-listed crimes, but counsel has failed even

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to recite the elements of each offense and how the evidence purportedly failed to support each element. Counsel's argument contains no citation to the record and no substantive "argument" on the issue of the insufficiency of the evidence; rather, it consists of nothing more than conclusional assertions. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Thus, Miller's challenge to the sufficiency of the evidence to support his convictions is deemed abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Miller claims that his legal representation was ineffective at trial because his counsel suffered from a serious medical disability that interfered with his ability to conduct comprehensive, thorough cross-examination of the witnesses. As this is not one of those rare cases in which the record is sufficiently developed to allow this court to evaluate the merits of Miller's ineffectiveness claim, we decline to address it here. See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992). Miller may pursue his claim of ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255.

The judgment of the district court is
AFFIRMED.