**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

————————

No. 05-31091

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTINO GONZALES,

Defendant-Appellant.

————————

No. 05-31142

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS RIOJAS-LEIJA,

Defendant-Appellant.

Appeals from the United States District Court
For the Western District of Louisiana
USDC No. 1:04-CR-10022-4

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

There are three issues raised on this appeal: one related to Valentino Gonzales and two related to Luis Riojas-Leija. All issues are related to the sentencing of the defendants for their attempted murder of another inmate while in a federal detention facility. 18 U.S.C. § 1117 (2005). We affirm the district court's ruling on all three issues.

First, Gonzales alleges that the district court improperly interpreted the sentencing guidelines. Because he was serving a term of imprisonment when the instant offense occurred, the presentence investigation report (PSI) stated that "the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." *See* UNITED STATES SENTENCING GUIDELINES 5G1.3(a) (2005). Defense counsel did not object to the PSI's statement but did request the district judge consider imposing a concurrent sentence. The district court responded to this request: "I'm not doing anything that's concurrent. It would have to be successive."

Gonzales now argues that the district court committed a clear error by treating U.S.S.G. 5G1.3(a) as mandatory rather than advisory and by failing to consider the 18 U.S.C. § 3553(a) factors when imposing the consecutive sentence.

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

There is no evidence to support these allegations. During the sentencing proceeding, the district judge stated that "the guidelines are permissive now, rather than mandatory . . . . And we further have considered the factors in 18 U.S.C. Section 3553, and there are no other compelling considerations not to apply the provisions of the guidelines." These statements make clear that the district court fully understood the advisory nature of the guidelines and did consider the § 3553(a) sentencing factors.

Next, Riojas asserts that the district court's computation of his criminal history is erroneous because the court counted two related offenses as unrelated and assigned three criminal history points for each offense. We review a criminal history computation *de novo*. *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).

The two offenses in question are burglary with intent to commit theft and retaliation, both under Texas state law. The burglary occurred when Riojas broke into a neighbor's shed and stole the neighbor's scooter. Later that day, Riojas was arrested several blocks away while in possession of the stolen scooter. Immediately following the arrest, the police took Riojas to the neighbor's residence for the purposes of identification. During the identification, Riojas threatened harm to the neighbor if she did not drop the charges. These threats are the basis for the retaliation offense.

The sentencing guidelines unequivocally state that because the police arrested Riojas after the burglary occurred but before the retaliation occurred, the two offenses are not related for the purposes of criminal history computation. U.S.S.G. § 4A1.2 cmt. background n. 3 (2005) ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest.").

The guidelines go on to state that if the offenses were not separated by an intervening arrest,

then the court should consider whether the offenses were part of the same occasion, common scheme or plan, or consolidated for trial or sentencing. *Id.* Because the offenses in this case were separated by an intervening arrest, we do not need to consider these standards for relatedness.

Finally, Riojas challenges the district court's imposition of a $3,000 fine. Because Riojas did not object with specificity during the sentencing proceeding, we review the imposition of the fine for plain error. *United States v. Williams*, 264 F.3d 561, 575 (5th Cir. 2001) (finding a general objection is insufficient to preserve error); *United States v. Navejar*, 963 F.2d 732, 734-35 (5th Cir. 1992) ("The contemporaneous objection rule applies equally to sentencing hearings as to trials.").

The sentencing guidelines state, "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2. In this case, Riojas has not met this standard. Riojas claims that he is under an order of deportation, which means he cannot be employed in the Federal Prison Industries, and therefore cannot generate income while serving his sentence. 28 C.F.R. § 345.35(a). But Riojas has been unable to produce any evidence of a presently outstanding order of deportation. Further, Riojas was employed prior to his incarceration and has made no showing that he cannot be employed following his incarceration. As a result, the district judge's determination that Riojas is able to pay this fine was not plain error.

For the foregoing reasons, we AFFIRM the district judge's sentencing decisions.