United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-30516
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL RAMOS-GONZALEZ,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-161-1

———————————

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Miguel Ramos-Gonzalez (Ramos) entered an <u>Alford</u>[1] plea of guilty to one count of possession with intent to distribute five kilograms or more of cocaine hydrochloride and one count of possession with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine. Ramos appeals his conviction and sentence, raising several grounds of error.

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]<u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).

Ramos argues that the district court erroneously denied his motion to suppress drug evidence found in his truck and a motion to suppress statements given to police. He asserts that, due to his lack of proficiency in the English language, his consent to search his truck was unknowing and involuntary. He similarly argues that he did not understand his Miranda[2] rights and could not validly waive them.

A Louisiana State Police Trooper and a DEA agent testified that they were able to communicate with Ramos in English without difficulty and that he indicated that he understood two separate Miranda warnings. Additionally, the Trooper testified that he explained the consent to search form to Ramos. Ramos signed the Spanish-language side of the consent form. The Government produced evidence that Ramos had completed a citizenship test in English, and the district court found that a videotape of the stop showed Ramos communicating with the officer. Further, the district court observed during Ramos's testimony at the suppression hearing that he nodded in apparent understanding of counsel's questions before they were translated. Ramos does not argue that the police coerced either his consent to the search or his subsequent statements. Based on a totality of the circumstances, we conclude that the district court did not erroneously find that Ramos had sufficient understanding of the English language to

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

validly consent to the search and knowingly waive his Miranda rights.  See United States v. Bell, 367 F.3d 452, 460-61 (5th Cir. 2004); United States v. Andrews, 22 F.3d 1328, 1340 (5th Cir. 1994); United States v. Alvarado, 898 F.2d 987, 991 (5th Cir. 1990).

Ramos next argues that the district court erroneously denied a motion to continue filed on the day of trial because he needed time to investigate the credibility of a witness disclosed by the Government.  Ramos's argument is conclusional, and he fails to show specific and compelling or serious prejudice as a result of the denial.  See United States v. Barnett, 197 F.3d 138, 144 (5th Cir. 1999); United States v. Jackson, 978 F.2d 903, 912 (5th Cir. 1992).

Ramos argues that he was denied due process because the drug quantity used to calculate his offense level was not submitted to a jury and proven beyond a reasonable doubt.  Because Ramos was sentenced after the Supreme Court's decision in Booker, the district court was permitted to find all facts relevant to sentencing by a preponderance of the evidence.  See United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006).

Ramos also argues that his sentence was unreasonable under Booker.  Ramos has failed to show that his sentence, which was at the bottom of the guidelines range, was unreasonable.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

3

Finally, we decline to address in this direct appeal Ramos's claim of ineffective assistance of counsel.  <u>See</u> <u>United States v. Navejar</u>, 963 F.2d 732, 735 (5th Cir. 1992).

The district court's judgment is **AFFIRMED**.