**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-10487
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RODERICK BERNARD HUNTER

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
No. 3:07-CR-211-M

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

On January 11, 2008, Appellant Roderick Hunter pled guilty to conspiracy to commit bank robbery and to bank robbery. He was sentenced to 70 months imprisonment and three years of supervised release. Hunter appeals claiming he received ineffective assistance of counsel. He also claims that the district court erred by applying a sentence enhancement for obstruction of justice and by not reducing his sentence based on acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As part of his plea agreement, Hunter waived his right to appeal his sentence unless his sentence exceeded the statutory maximum punishment or contained an arithmetic error, which it did not. Hunter's arguments that the district court erred in applying an enhancement and failed to apply a reduction are barred by the waiver-of-appeal provision in his plea agreement. Accordingly, as to the sentencing issues, Hunter's appeal is DISMISSED.[1]

Hunter's plea reserved his right to bring a direct appeal of claims of ineffective assistance of counsel. However, Hunter cannot raise for the first time on direct appeal an ineffective assistance of counsel claim that was not developed in the district court.[2] These claims are dismissed without prejudice to their pursuit in collateral proceedings. This is the case regarding Hunter's claims that are based on his lawyer not objecting to either the obstruction enhancement or the court's denial of an acceptance of responsibility reduction.[3]

Prior to sentencing, Hunter did, however, raise an ineffective assistance claim that was developed in the district court regarding, generally, his counsel's lack of communication with him. The district court heard Hunter's complaints at a hearing and decided that his attorney was performing acceptably. We have reviewed the record and find that, regardless of whether or not Hunter's counsel provided acceptable service, Hunter has failed to show that but for his counsel's alleged unprofessional errors, there is a reasonable probability the result of the proceeding would have been different.[4] The record of the hearing shows that

---

[1] *See* 5th Cir. R. 42.2; *U.S. v. Chavez*, 196 F.3d 1257 (5th Cir. 1999).

[2] *See U.S. v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992).

[3] We note that Hunter's attorney did file objections to the presentencing report that included an objection to the recommended denial of an acceptance of responsibility reduction. Additionally, at the sentencing hearing, Hunter's attorney engaged the court in significant discussion over the obstruction enhancement.

[4] *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Hunter was aware of the Government's evidence against him and of his defense strategy. With this knowledge, he chose to plead guilty. Thus, as to this claim of ineffective assistance of counsel, the judgment of the district court rejecting it is affirmed.

AFFIRMED in part and DISMISSED without prejudice in part.