**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-30463
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL MARTIN, JR

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-157-2

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael Martin, Jr., appeals his guilty plea conviction and sentence for possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841. For the reason that he waived appeal, the judgment is affirmed. However, Martin argues that counsel was ineffective for failing to advise him that he would receive a career offender enhancement that would triple his sentence. He argues that his appeal is not barred by his appeal waiver because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he is claiming that the ineffective assistance of counsel affected the validity of his guilty plea. He also argues that the district court record is sufficiently developed for us to address his ineffective assistance claim on direct appeal. He alternatively asks us to remand the case to the district court for an evidentiary hearing so that the issue can then be resolved on direct appeal.

Martin waived his right to appeal his conviction and sentence except for a sentence that exceeded the maximum sentence allowed by statute. Ineffective assistance of counsel claims challenging the guilty plea and waiver provision themselves survive the waiver. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). A claim of ineffective assistance of counsel, however, generally cannot be addressed on direct appeal unless the claim has been presented to the district court. *See United States v. Brewster*, 137 F.3d 853, 859 (5th Cir.1998)*; United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992); *see also Massaro v. United States*, 538 U.S. 500, 505 (2003).

We conclude that the factual issues underlying Martin's claim of ineffective assistance cannot be determined on the current record. The Supreme Court has noted that such factual issues are best resolved by the district court on 28 U.S.C. § 2255 review. *See Massaro,* 538 U.S. at 502-06. Consequently, we decline to address Martin's ineffective assistance claim on direct appeal. Our decision not to address the issue is without prejudice to Martin raising his ineffective assistance claim again in a timely § 2255 proceeding.

AFFIRMED.