**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50604
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE DE LA PAZ MUNOZ FLORES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3;07-CR-3246-ALL

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose De La Paz Munoz Flores (Munoz) appeals following his guilty plea conviction and 41-month sentence for one count of importation of marijuana. As his sole issue on appeal, Munoz claims that his trial counsel rendered ineffective assistance at sentencing for failing to object to the imposition of a two-level enhancement for using a minor to commit the offense.

Generally, claims of ineffective assistance of counsel "cannot be resolved on direct appeal when [they have] not been raised before the district court since

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). The Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Claims of inadequate representation are resolved on direct appeal only in "rare" cases where the record allows a fair evaluation of the claim's merits. *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992).

We conclude that the factual issues underlying Munoz's claim of ineffective assistance cannot be determined on the current record. Such factual issues are best resolved by the district court on § 2255 review. *See Massaro*, 538 U.S. at 505-06. Consequently, we decline to address Munoz's ineffective assistance claim on direct appeal. Our decision not to address the issue is without prejudice to Munoz raising his ineffective assistance claim in a timely § 2255 proceeding.

AFFIRMED.