# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRIS WELLS, also known as Six Wells,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-104-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Chris Wells appeals following his guilty plea conviction and below-guidelines 240-month sentence for conspiracy to possess with the intent to distribute 100 grams or more of heroin, distribution of heroin, possession with the intent to distribute heroin and 28 grams or more of crack cocaine, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime. As his sole issue on appeal, Wells claims that his trial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31129

counsel rendered ineffective assistance by failing to inform Wells that Wells would be sentenced as a career offender.  According to Wells, counsel's inadequate assistance rendered his guilty plea unknowing.

Generally, claims of ineffective assistance of counsel "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).  The Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Claims of inadequate representation are resolved on direct appeal only in "rare" cases where the record allows a fair evaluation of the claim's merits.  *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992).

The factual issues underlying Wells's claim of ineffective assistance cannot be determined on the current record and would best be resolved by the district court on § 2255 review.  *See Massaro*, 538 U.S. at 505-06; *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008). Consequently, we decline to address Wells's ineffective assistance claim on direct appeal.  Our decision not to address the issue is without prejudice to Wells raising his ineffective assistance claim in a timely § 2255 proceeding.

AFFIRMED.