# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 26, 2013

No. 11-60459
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEABRON MACKUNDRA MILLENDER, also known as Packy,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-91-4

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Seabron Mackundra Millender appeals following his guilty plea conviction and sentencing for conspiracy to possess with intent to distribute a controlled substance. He raises claims of district court error and ineffective assistance of trial counsel. The Government has moved to dismiss or, alternatively, for summary affirmance, contending that Millender's appeal is barred by the appellate waiver in his plea agreement. Additionally, the Government moves to strike an affidavit submitted by Millender for the first time on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plain language of Millender's plea agreement, which states that he waived the right to appeal his conviction and sentence on all grounds, confirms that the waiver applies to the instant appeal. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Our review of the record indicates that Millender knowingly and voluntarily waived his right to appeal because he indicated that he had reviewed and understood the waiver. *See id.*

Among his claims, however, Millender argues that his trial counsel's ineffective assistance rendered his guilty plea unknowing and involuntary. An ineffective assistance claim will survive an appeal waiver when the alleged ineffectiveness "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). In general, a claim of ineffective assistance of counsel cannot be addressed on direct appeal unless the claim has been presented to the district court. *See United States v. Brewster*, 137 F.3d 853, 859 (5th Cir. 1998); *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992); *see also Massaro v. United States*, 538 U.S. 500, 505 (2003).

We conclude that the factual issues underlying Millender's claims of ineffective assistance cannot be determined on the current record. The Supreme Court has noted that such factual issues are best resolved by the district court on 28 U.S.C. § 2255 review. *See Massaro*, 538 U.S. at 502-06. Consequently, we decline to address Millender's ineffective assistance claim on direct appeal. Our decision not to address the issue is without prejudice to Millender raising his claims again in a timely § 2255 proceeding.

For the reason that Millender waived appeal, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's motion to strike Millender's non-record exhibit and its alternative motion to dismiss are DENIED as unnecessary.